NOT DESIGNATED FOR PUBLICATION

Nos. 127,457
127,458

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIESHA S. SWAI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Opinion filed January 31, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM:  Kiesha S. Swai appeals the revocation of her probation even though she admitted several probation condition violations. This is our summary disposition of her appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48).

*The case history reveals several DUI convictions.*

Swai had pled guilty in April 2023 to driving under the influence—her third such offense in less than 10 years. After a third offense, the conviction was a nongrid, nonperson felony based on the statute in effect at the time; she also was convicted of

1

driving with an open alcoholic beverage, an unclassified misdemeanor. Then, in December 2023, Swai pled guilty to a fourth driving under the influence charge. This charge is a severity level 6 nonperson felony. The court sentenced Swai in both cases at the same hearing. It followed the parties' recommendations in each case.

In the 2022 prosecution the court imposed concurrent sentences of 12 months in jail on the DUI conviction and 6 months in jail on the misdemeanor driving with an open container conviction. Under the DUI sentencing rules, the court ordered Swai to serve 90 days in jail, to be served as 48 straight hours of confinement followed by 2,160 hours of house arrest or work release and 12 months of post-imprisonment supervision.

Then, in the 2023 prosecution, the court set an 18-month prison sentence but granted a dispositional departure and placed Swai on probation for 24 months. Although the court ordered the underlying sentence to be served consecutively to the sentence imposed in the prior prosecution, the court allowed Swai to begin serving the 24-month probation term immediately and ordered her to serve 30 days in jail as a probation condition—to be served as 48 straight hours and the remainder on house arrest—concurrently with the confinement and house arrest terms imposed in the 2022 case.

*Another DUI prosecution has consequences.*

Swai's probation ended after Swai admitted to several probation violations: driving under the influence, hit and run, transport of an open container, resisting arrest, and driving while suspended.

The State asked the district court to revoke Swai's probation and order her to serve her sentences. Defense counsel asked the court to allow Swai to complete an adult residential program to address her substance abuse problem, adding that this would allow her to continue caring for her young children. Swai admitted she "made a mistake" and

2

had a drinking problem, explaining that she planned to go to the residential program because it would "help [her] out and get back on track."

The district court found that continuing probation would not be appropriate because it would jeopardize both the public's and Swai's welfare. The court emphasized that Swai's new crimes were effectively the same as her previous convictions. In the 2022 case, the court revoked Swai's probation, her house arrest, and her work release authorization, and the court ordered her to serve the 12-month sentence with credit for time served, followed by a 12-month post-imprisonment supervision term. The court likewise revoked Swai's probation in the 2023 case and ordered her to serve the sentence in that case.

*Swai seeks an intermediate sanction instead of imprisonment.*

To us, Swai argues that the sentencing court abused its discretion when it revoked her probation and ordered her to serve the underlying sentences rather than imposing an intermediate sanction.

Because Swai's cases and sentences are so intertwined, we will consider the revocation of probation in both cases. See *State v. Galloway*, No. 122,990, 2022 W128972, at *4 (Kan. App. 2022) (unpublished opinion). We note that Swai's admitted violations occurred nine days after sentencing, at which time she was on house arrest both as a condition of probation in one case and as part of her sentence in the other.

Contrary to Swai's assertion, the district court was not legally required to impose an intermediate jail sanction before revoking her probation.

Swai's actions that resulted in her 2022 convictions occurred on September 9, 2021, and at that time, convictions and sentences arising under K.S.A. 2021 Supp. 8-1567

3

were specifically exempted from the probation violation statute. K.S.A. 2021 Supp. 21-6804(i). But even if the intermediate sanction requirement applied, the record shows Swai was on house arrest—not probation—because of the 2022 prosecution. Although Swai's motion for summary disposition states she received probation on the misdemeanor offense for driving with an open container, the district court's oral pronouncement of sentence did not include probation as part of that sentence. See *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019).

Swai's 2023 convictions occurred on April 6, 2023, which was after the Legislature removed K.S.A. 8-1567 from the list of felony crimes exempted from the probation violation scheme. See K.S.A. 2022 Supp. 21-6804(i)(1); L. 2022, ch. 80, § 18. Thus, Swai is correct that the intermediate sanction scheme applied to her probation in the 2023 case. But because Swai admitted to committing new crimes—including a new DUI offense—the district court was free to bypass any applicable intermediate sanctions. K.S.A. 2022 Supp. 22-3716(c)(7)(C).

Furthermore, Swai identifies no error of fact or law underlying the district court's decision, and it is undisputed she violated her probation by committing new crimes. While Swai expressed a willingness and desire to attend residential treatment to address her substance abuse problems and stated that she had young children to care for, the record also shows she repeatedly committed the same crimes nearly immediately upon being released from custody. Swai's 2023 DUI arrest occurred the day after she pled guilty to the 2022 DUI conviction. Then, Swai admitted to committing yet another DUI, as well as several related offenses, just nine days after being sentenced in both cases. We find that a reasonable person could agree with the district court's decision to revoke Swai's probation under these circumstances and order her to serve her underlying prison and jail sentences.

Affirmed.

4